# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVERILLE WILLIS, | Case No. 1:15-cv-01741 DLB |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | THIRTY-DAY DEADLINE |
| REYNOSO, et al., | |
| Defendants. | |

Plaintiff Averille Willis ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 18, 2015. He names California Substance Abuse Treatment Facility ("CSATF") Associate Warden J. Reynoso, R.N. M. Carrasquillo, Custody Appeals Representative C. Ramos, Correctional Counselor M. Hildreth, Health Care CEO C. Cryer and Health Care CMO G. Ugwueze as Defendants.[1]

**A.   SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 3, 2015.

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    ALLEGATIONS IN COMPLAINT**

Plaintiff is currently incarcerated at CSATF, where the events at issue occurred.

On September 17, 2014, Plaintiff received a Comprehensive Accommodation Chrono because of serious medical conditions that impaired his mobility while walking long distances, as

///

well as his ability to bend and lift heavy objects.  The accommodations were also supposed to help his medical condition, and prevent further injury and unnecessary pain.

On or about October 29, 2014, Plaintiff transferred to CSATF and he was removed from the Accommodation Program.

Plaintiff filed an appeal on November 1, 2014, but it was denied by Defendant Cryer on January 27, 2015.

On November 12, 2014, Plaintiff filed a Reasonable Modification or Accommodation Request asking to have his accommodation chrono reinstated.  The Reasonable Accommodation Panel Staff, including Defendants Reynoso, Carrasquillo, Ramos and Hildreth, held a meeting on November 19, 2014, without Plaintiff's presence and disapproved his request.  Since this decision, Plaintiff has been forced to climb stairs, bend and sit on the ground, etc., all of which are painful and could inflict additional injury.

Plaintiff also told Defendant Ugwueze about his health care issue on January 11, 2015.  However, he failed to respond.

Based on these allegations, Plaintiff alleges a violation of the Eighth Amendment.

**C.      DISCUSSION**

     1.      <u>Legal Standard</u>

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  <u>Snow v. McDaniel</u>, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, <u>Peralta v. Dillard</u>, 744 F.3d 1076, 1082-83 (9th Cir. 2014); <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir. 2012); <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  <u>Wilhelm</u>, 680 F.3d at 1122 (citing <u>Jett</u>, 439 F.3d at 1096).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  <u>Wilhelm</u>, 680

3

F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

       2.       Analysis

Plaintiff alleges that he was removed from the Accommodation Program, and asks "what medical examination was done to determine the reason [he] no longer needed these accommodations."  ECF No. 1, at 4.  Plaintiff's belief that he should still be in the Accommodation Program, however, is simply a disagreement with medical opinion.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference."  Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health."  Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff's exhibits show that he was taken out of the Accommodation Program on October 30, 2014, after Dr. Kandhorova determined that he could ambulate well without an assistive device for over 100 yards. ECF No. 1, at 14.  In denying his request to reinstate his accommodations, the Panel explained that "DPP" status was not medically indicated, as Plaintiff was ambulating well with no assistive devices. ECF No. 1, at 13.  Defendant Cryer also explained, in denying Plaintiff's appeal at the Second Level, that his August 13, 2014, MRI was reviewed at his October 30, 2010, appointment.  At the appointment, he was seen walking fine, without a limp or signs of pain.  Dr. Kandhorova, his Primary Care Provider, also observed Plaintiff sit and stand without difficulty, and without the use of cane.  Upon exam, Dr. Kandhorova asked him to stand, to which Plaintiff complied without difficulty or visible pain, and

///

1  without a cane.  Dr. Kandhorova found Plaintiff to have well-developed muscles, with no sign of
2  atrophy.  ECF No. 1, at 24-25.
3       Based on these exhibits, Dr. Kandhorova used her medical judgment to determine that
4  Plaintiff's placement in the Accommodation Program was not medically indicated at that time.
5  While Plaintiff may not agree with the decision, he has not demonstrated that the decision was
6  medically unacceptable under the circumstances, or chosen in conscious disregard of an excessive
7  risk.
8       In turn, reliance on Dr. Kandhorova's decision by Defendants Reynoso, Carrasquillo,
9  Ramos and Hildreth in denying his request does not, without more, indicate that they acted with
10 deliberate indifference.
11      Similarly, Defendant Cryer, in denying the appeal at the Second Level, did not exhibit
12 deliberate indifference.  Generally, denying a prisoner's administrative appeal does not cause or
13 contribute to the underlying violation.  Peralta v. Dillard, 744 F.3d 1076, 1086-87 (9th Cir. 2014).
14 However, because prison administrators cannot willfully turn a blind eye to constitutional
15 violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006),
16 there may be limited circumstances in which those involved in reviewing an inmate appeal can be
17 held liable under section 1983.  Those circumstances have not been presented here.
18      Further, Plaintiff has not stated a viable claim against any individual for the denial of
19 medical care.  Absent the presentation of facts sufficient to show that an Eighth Amendment
20 violation occurred in the first place, Plaintiff cannot pursue a claim against those who reviewed the
21 administrative appeal grieving the underlying denial of medical care.
22      As to Defendant Ugwueze, who allegedly failed to respond to Plaintiff's January 11, 2015,
23 Request for Interview, there is no indication that he received the request.  Although the request
24 states that it was forwarded to Defendant Ugwueze, both the "date delivered" and "method of
25 delivery" are blank.  ECF No. 1, at 26.  In any event, as noted above, absent a showing of a
26 violation in the first instance, a reviewer cannot be held liable for failing to respond to the appeal.
27      For these reasons, Plaintiff fails to state a claim against Defendants for deliberate
28 indifference to a serious medical need.

### D. CONCLUSION AND ORDER

Plaintiff fails to state any cognizable claims against any Defendants.

Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, that he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130-31; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order, or file a notice of voluntary dismissal; and
3. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **February 26, 2016**         /s/ *Dennis L. Beck*
                                       UNITED STATES MAGISTRATE JUDGE

6