# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVERILLE WILLIS, | Case No. 1:15-cv-01741 DLB |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND |
| v. | |
| REYNOSO, et al., | |
| Defendants. | |

Plaintiff Averille Willis ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 18, 2015. Pursuant to Court order, he filed a First Amended Complaint on March 23, 2016. He names California Substance Abuse Treatment Facility ("CSATF") Associate Warden J. Reynoso, R.N. M. Carrasquillo, Custody Appeals Representative C. Ramos, Correctional Counselor M. Hildreth, Health Care CEO C. Cryer and Health Care CMO G. Ugwueze as Defendants.[1]

## A.   SCREENING STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 3, 2015.

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.     **ALLEGATIONS IN COMPLAINT**

Plaintiff is currently incarcerated at CSATF, where the events at issue occurred.

Plaintiff alleges that on November 19, 2014, Defendants Reynoso, Carrasquillo, Ramos and Hildreth held a Reasonable Accommodation Panel meeting related to Plaintiff's disability chronos. A physician at Folsom State Prison issued the chronos because of Plaintiff's chronic low

back pain and mobility issues. The accommodations were to "ensure the health and safety measures of [his] activity and living conditions to aid [his] medical conditions from further injury and pain." ECF No. 8, at 6. Plaintiff alleges that Defendants Reynoso, Carrasquillo, Ramos and Hildreth failed to carry out their delegated duties and responsibilities to make an adequate medical care decision "to remedy unlawful conditions that they knew of should have known about based on medical records," and Plaintiff's transfer for his serious medical needs. ECF No. 8, at 7.

As a result of their decision not to reinstate the chronos and DPM status, Plaintiff has been forced to comply with "actions and situations" that cause pain and injury. ECF No. 8, at 7.

On November 1, 2014, Plaintiff requested an interview with Defendant Cryer, who was aware of Plaintiff's serious medical needs because of his position. Defendant Cryer ignored the request. Defendant Cryer also denied Plaintiff's appeal to reinstate his accommodations on January 27, 2015.

Plaintiff filed requests and appeals to the Reasonable Accommodation Coordinators on November 26, 2014, December 17, 2014, and February 1, 2015, to explain why he should not be removed from the DPM program. Plaintiff contends that all attempts to receive appropriate accommodations were deliberately ignored by health care staff who could have helped.

On January 11, 2015, Plaintiff asked for an interview with Defendant Ugwueze. The request was ignored.

Upon Plaintiff's belief, his serious medical needs were made clear to each of the CSATF Health Care Executives, as he was transferred to CSATF based on an agreement between the two facilities for Plaintiff's treatment plan. Plaintiff states that he has not received any of the treatment that was prescribed at Folsom State Prison. He contends that all Defendants interfered with treatment.

Plaintiff alleges that the decisions and denials set into motion a serious of events that Defendants knew, or reasonably should have known, cause a constitutional violation. Plaintiff continues to suffer pain and injury from the actions. Since the decisions, he has had to continuously walk up and down stairs and get all the way down on the ground when officers respond to an emergency code. A treating physician at Folsom strongly cautioned against

1  climbing stairs, bending and stooping.  With his accommodations, Plaintiff would not have had to
2  suffer through these actions.
3        Plaintiff alleges that his accommodations were discontinued for no reason, and that there
4  were no examinations to indicate that his condition was treated or cured.  Plaintiff had received the
5  accommodations 62 days before the Panel hearing.
6        Based on these allegations, Plaintiff alleges a violation of the Eighth Amendment.
7  **C.**     **DISCUSSION**
8      1.     Legal Standard
9        While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical
10 care, the Eighth Amendment is violated only when a prison official acts with deliberate
11 indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir.
12 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir.
13 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091,
14 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that
15 failure to treat [his] condition could result in further significant injury or the unnecessary and
16 wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately
17 indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).
18       Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a
19 prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680
20 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective
21 recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation
22 and quotation marks omitted); Wilhelm, 680 F.3d at 1122.
23     2.     Analysis
24       In the prior screening order, the Court explained that Plaintiff's belief that his chronos
25 should be reinstated was simply a disagreement with a medical opinion, and that the exhibits to his
26 original complaint showed that the course of treatment was not medically unacceptable under the
27 circumstances.  Snow v. McDaniel, 681 F.3d 978, 987-988 (9th Cir. 2012).  The Court found:
28 ///

>    Plaintiff's exhibits show that he was taken out of the Accommodation Program on October 30, 2014, after Dr. Kandhorova determined that he could ambulate well without an assistive device for over 100 yards. ECF No. 1, at 14. In denying his request to reinstate his accommodations, the Panel explained that "DPP" status was not medically indicated, as Plaintiff was ambulating well with no assistive devices. ECF No. 1, at 13. Defendant Cryer also explained, in denying Plaintiff's appeal at the Second Level, that his August 13, 2014, MRI was reviewed at his October 30, 2010, appointment. At the appointment, he was seen walking fine, without a limp or signs of pain. Dr. Kandhorova, his Primary Care Provider, also observed Plaintiff sit and stand without difficulty, and without the use of cane. Upon exam, Dr. Kandhorova asked him to stand, to which Plaintiff complied without difficulty or visible pain, and without a cane. Dr. Kandhorova found Plaintiff to have well-developed muscles, with no sign of atrophy. ECF No. 1, at 24-25.
>
>    Based on these exhibits, Dr. Kandhorova used her medical judgment to determine that Plaintiff's placement in the Accommodation Program was not medically indicated at that time. While Plaintiff may not agree with the decision, he has not demonstrated that the decision was medically unacceptable under the circumstances, or chosen in conscious disregard of an excessive risk.
>
>    In turn, reliance on Dr. Kandhorova's decision by Defendants Reynoso, Carrasquillo, Ramos and Hildreth in denying his request does not, without more, indicate that they acted with deliberate indifference.

ECF No. 7, at 4-5.

In amending, Plaintiff omits his exhibits and argues that he was taken out of the program for no reason, and without an examination to show that his conditions were treated or cured. He cannot now state a claim by ignoring and/or contradicting evidence that may be unfavorable to his allegations. "A party cannot amend pleadings to 'directly contradict an earlier assertion made in the same proceeding.'" Air Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc., 744 F.3d 595, 600 (9th Cir. 2014) (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)).

Therefore, the Court's prior analysis, explained in part above, remains applicable and Plaintiff fails to state a claim against any Defendant. ECF No. 7.

Insofar as Plaintiff alleges that Defendants interfered with his medical treatment, he presents no facts to support such a finding. Vague, conclusory statements, unsupported by facts, are insufficient to state a claim.

///

**D.      CONCLUSION AND ORDER**

Plaintiff fails to state any cognizable claims against any Defendants. Given the nature of Plaintiff's attempt to amend, the Court finds that further amendment is not warranted. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130-31; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, this action is DISMISSED WITH PREJUDICE for failure to state a claim for which relief may be granted.

IT IS SO ORDERED.

Dated:   **June 7, 2016**                          /s/ Dennis L. Beck
                                                  UNITED STATES MAGISTRATE JUDGE

6